1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11   SAGE HOME MORTGAGE, LLC,              Case No.: 17-cv-1875-AJB-JMA

12                          Plaintiff,      **ORDER:**

13   v.

14   JAMES R. ROOHAN; and Does 1-10,       **(1) SUA SPONTE REMANDING
     inclusive,                            ACTION TO STATE COURT FOR
15                                          LACK OF SUBJECT MATTER
                                           JURISDICTION; AND**
16                          Defendants.

17                                          **(2) DENYING DEFENDANT'S
                                           MOTION TO PROCEED IN FORMA
18                                          PAUPERIS AS MOOT**
                                           (Doc. Nos. 1, 2)
19

20

21          On September 14, 2017, Defendant James R. Roohan ("Removing Defendant"),

22   acting *pro se*, filed a notice of removal of an unlawful detainer action filed in San Diego

23   Superior Court, (Doc. No. 1), and a motion to proceed *in forma pauperis* ("IFP"), (Doc.

24   No. 2). For the reasons set forth below, the Court *sua sponte* **REMANDS** the action for

25   lack of subject matter jurisdiction, (Doc. No. 1), and **DENIES AS MOOT** Removing

26   Defendant's application to proceed IFP, (Doc. No. 2).

27   ///

28   ///

                                            1

## BACKGROUND

The instant matter finds itself in federal court for the fourth time, having been removed and remanded three times before.[1] The underlying facts remain the same: on December 19, 2016, Plaintiff filed an unlawful detainer suit in the Superior Court of California, County of San Diego against Defendants James R. Roohan and Does 1-10. (Doc. No. 1-2 at 5.) Plaintiff alleges that on November 28, 2016, it purchased the premises located at 485 La Costa Avenue, Encinitas, CA 92024 in a non-judicial foreclosure sale under California law. (*Id.* at 6.) In spite of this purchase, Plaintiff alleges that Defendants have continued to possess the property and thus it seeks damages including restitution, unpaid rent, and attorney's fees and costs. (*Id.* at 7–8.)

## LEGAL STANDARD

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action from state court to federal court only if the district court could have original jurisdiction over the matter. 28 U.S.C. § 1441(a). "[R]emoval statutes are strictly construed against removal." *Luther v. Countrywide Home Loans Serv., L.P.*, 533 F.3d 1031, 1034 (9th Cir. 2008). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Id.* at 567. At any time during court proceedings, a district court may remand a case to state court if the district court lacks subject matter jurisdiction over the case. 28 U.S.C. § 1447(c).

///

---

[1] Removing Defendant attempted to remove the same unlawful detainer action in the following cases: (1) 17-cv-00272-JAH-KSC; (2) 17-cv-1409-AJB-JMA; and (3) 17-cv-1613-AJB-JMA. Each time, the Court *sua sponte* remanded the case back to state court.

17-cv-1875-AJB-JMA

Removing Defendant's notice of removal alleges that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1441(a) and/or (b). (Doc. No. 1 at 2.) Federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also* U.S. Const. art. III, § 2, cl. 1. Jurisdiction in federal question cases is "governed by the 'well-pleaded complaint rule,' which provides that federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity jurisdiction exists where there is complete diversity among opposing parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

Despite the clear and straightforward orders of this Court in the three other cases filed by Removing Defendant, he is again seeking to remove the same action to the district court. The Court again highlights that Removing Defendant's notice of removal clearly and affirmatively shows that the only allegation is for a single claim for unlawful detainer, which is a California state law cause of action. (Doc. No. 1 at 1 (*see Wells Fargo Bank v. Lapeen*, No. C 11-01932 LB, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011) ("An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law.") (citing *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010))).

The Court also notes that Removing Defendant makes no claims that removal is appropriate based on diversity jurisdiction. Looking at the complaint, the Court finds that Plaintiff and Removing Defendant are both citizens of California. (Doc. No. 1-2 at 5–6.) Thus, the complete diversity between the parties that is needed for a finding of diversity jurisdiction is lacking.

Based upon the foregoing, the Court finds that the complaint does not "necessarily raise a stated federal issue, actually disputed and substantial," which this Court "may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545

U.S. 308, 314 (2005); *see also Aurora Loan Servs., LLC v. Montoya*, No. 2:11-cv-2485-MCE-KJN-PS, 2011 WL 5508926, at *3 (E.D. Cal. Nov. 9, 2011) ("[P]laintiff filed its Complaint in Superior Court asserting a single claim for unlawful detainer premised solely on California law. Because a claim for unlawful detainer does not by itself present a federal question or necessarily turn on the construction of federal law, no basis for federal question jurisdiction appears on the face of the Complaint."). Consequently, as the complaint in the instant action does not present a federal question and diversity jurisdiction is not present, the Court lacks subject matter jurisdiction.

## CONCLUSION[2]

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1.  The Court *sua sponte* **REMANDS** the action to San Diego Superior Court for lack of subject matter jurisdiction; and

2.  Removing Defendant's motion for leave to proceed *in forma pauperis*, (Doc. No. 2), is **DENIED AS MOOT**.

Dated:  October 20, 2017

Hon. Anthony J. Battaglia
United States District Judge

---

[2] The Court notes that based on Removing Defendant's abusive litigation tactics, he was deemed a vexatious litigant in a hearing on September 20, 2017, in case 17-cv-1613-AJB-JMA—which was the third attempt to remove the present complaint.